Steven C. Tycksen, #3300
Chad Shattuck, #9345
**TYCKSEN & SHATTUCK, L.C.**
12401 South 450 East, Unit E1
Draper, Utah 84020
Telephone: 801-748-4081
Facsimile:  801-748-4087
steve@tyshlaw.com
chad@tyshlaw.com

Attorneys for Debtor/Plaintiff

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **In Re:**<br><br>**CATHEXIS, INC.**<br><br>Debtor. | **Bankruptcy No. 09-26549**<br><br>**(Chapter 11)**<br><br>**Chief Judge William T. Thurman** |
| **CATHEXIS, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**EMILLIONAIRE, INC.**, a Florida corporation; **EMILLIONAIRE, LLC,** a Florida limited liability company; **EMENTORING, LLC,** a Utah limited liability company; **INDEPENDENCE INTERNATIONAL, LLC.,** a Florida | **Adversary No.** _____<br><br><br>**Filed Electronically** |

1

| | |
|---|---|
| limited liability company; MARQI, INC., a Florida corporation; MARQILIFE, INC., a Florida corporation; NEW LEAF SYSTEMS, LLC; a Washington limited liability company; NEW LEAF SOLUTIONS, INC., a Florida corporation; BROCK FELT, an individual; and DOES 1-10,<br><br>Defendants. | |

## COMPLAINT FOR TURNOVER OF PROPERTY

**COMES NOW** the Debtor/Plaintiff, Cathexis, Inc., by and through counsel, Tycksen & Shattuck, L.C., for cause of action and turnover of property of the bankruptcy estate, and herewith complains against Defendants eMillionaire, Inc., eMillionaire, LLC (eMillionaire, Inc. and eMillionaire, LLC hereinafter jointly referred to as (eMillionaire"), eMentoring, LLC, Independence International, LLC, Marqi, Inc., Marqilife, Inc., New Leaf Systems, LLC, New Leaf Solutions, Inc. (New Leaf Systems, LLC and New Leaf Solutions, Inc. hereinafter jointly referred to as "New Leaf"), Brock Felt, and Does 1-10, as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Cathexis, Inc. ("Plaintiff") is a Utah Corporation doing business in the State of Utah.

2. Defendant eMillionaire, Inc. ("eMillionaire") is a Florida corporation doing business in the State of Utah.

3. Defendant eMillionaire, LLC ("eMillionaire")[1] is a Florida limited liability company doing business in the State of Utah.

4. Defendant eMentoring, LLC ("eMentoring") is a Utah limited liability company doing business in the State of Utah.

5. Defendant Independence International, LLC ("Independence") is upon information and belief a Florida limited liability company doing business in the State of Utah.

6. Defendant Marqi, Inc. ("Marqui") is upon information and belief a Florida corporation doing business in the State of Utah.

7. Defendant Marqilife, Inc. ("Marqilife") is upon information and belief a Florida corporation doing business in the State of Utah.

8. Defendant New Leaf Systems, LLC is upon information and belief a Washington limited liability company doing business in the State of Utah.

---

[1] Any and all references herein to "eMillionaire" refer to both the Florida LLC and the Florida corporation.

9.  Defendant New Leaf Solutions, Inc. ("New Leaf")[2] is upon information and belief a Florida corporation doing business in the State of Utah.

10. Defendant Brock Felt ("Felt") is an individual who upon information and belief resides in Hillsborough County, State of Florida.

11. Defendants Does 1-10 are presently unknown. Plaintiff is informed and believes, and based thereon alleges, that Does 1 though 10, inclusive, whether individual, corporate, associate or otherwise, engaged in the wrongful conduct alleged herein and are responsible in some manner for the occurrences alleged in this Complaint, and Plaintiff therefore sues each Defendant by fictitious names. All of the Defendants, including the Doe Defendants, are hereinafter referred to collectively as "Defendants."

12. Plaintiff filed a voluntary petition for relief under Chapter Eleven (11) of the Bankruptcy Code on June 24, 2009.

13. This Court has jurisdiction over this lawsuit, and can properly exercise such, pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, Federal Rule of Bankruptcy Procedure § 7001 and 11 U.S.C. § 542(a), and pursuant

---

[2] Any and all references herein to "New Leaf" refer to both the Washington corporation and the Florida corporation.

to the rules of this Court and of the United States District Court for the District of Utah.

14. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

15. The debts and causes of action herein arose from occurrences of conduct entered into in Salt Lake County, State of Utah.

## STATEMENT OF FACTS

16. On or around March 31, 2003, Plaintiff was registered as a Utah Corporation under the laws of the State of Utah.

17. On or around December 26, 2008 (and formally again on January 8, 2009), Plaintiff entered into a contract with Defendant eMillionaire for Internet advertising.

18. Pursuant to the terms of their contract, Plaintiff would undergo marketing efforts to drive traffic and create sales for eMillionaire, and would receive a payment of $43.00 for each $1.95 sale created on behalf of eMillionaire from Plaintiff's efforts (hereafter Plaintiff's efforts to generate web traffic for eMillionaire is referred to as the "Cathexis campaign").

19. As part of the Cathexis campaign, Plaintiff entered into dozens of contracts with Internet marketing agencies and publishers (hereafter sometimes referred to as "publishers" or "creditors") that worked to generate eMillionaire sales.

20. From December 27, 2008 through May 10, 2009, the Cathexis campaign was responsible for 212,165 sales generated by eMillionaire through Plaintiff's efforts (and those of its publishers). Pursuant to the contract between the parties, eMillionaire was to pay Cathexis $8,783,840.00 for said efforts.

21. eMillionaire began paying on the contract on January 19, 2009, but fell behind in the middle of February, and ceased making payments entirely after April 7, 2009. In total, eMillionaire paid Cathexis $2,360,000.00 of the $8,783,840.00 earned; leaving a balance of $6,423,840.00 owing to Plaintiff as of May 10, 2009.

22. During this same time Plaintiff has been unable to pay the publishers with which it had contracted to generate the Internet traffic. As of May 10, 2009, Plaintiff owed 46 different publishers an aggregate principal amount of $5,856,828.50. The principal amount owing to the

6

publishers (based on the 46 separate contracts) is increasing daily with interest, late fees, attorney's fees and costs.

23.  Section 2 of Plaintiff's contract with eMillionaire provides:

> [eMillionaire] agrees to pay all costs incurred by [Cathexis] including, but not limited to, collection agency fees, and attorneys' fees and other collection costs, as a result of having to collect any past due amounts from [eMillionaire] and/or to otherwise enforce this Insertion Order.

24.  Section 11 of Plaintiff's contract also contains an indemnification clause, which reads:

> [eMillionaire] agrees to indemnify, defend and hold harmless [Cathexis], and its parents, subsidiaries, agents, affiliates, employees, directors and officers, from any and all liability, claim, loss, damage, demand or expense (including attorneys' fees and other related costs and expenses) asserted by any third party due to, arising from, related to, or in connection with the services provided pursuant to this Insertion Order, as well as any breach by [eMillionaire] of the terms of this Insertion Order including, without limitation, any representation or warranty contained herein; any fraudulent conduct committed by [eMillionaire]; and/or any intellectual property claims associated with any and all copy and images supplied by [eMillionaire] and its associated usage thereof.

25.  As a result of eMillionaire's refusal/failure to pay Plaintiff pursuant to their contract, Plaintiff has not only been unable to pay the publishers (46 of the Creditors in this bankruptcy), but has also been 'black-listed' in the industry, and cannot perform similar services for other clients

because of the fast-spreading news of its bad reputation for being unable to pay publishers.

26.     Upon information and belief, Brock Felt has deposited funds from the Cathexis campaign in an account in the St. Kitts-Nevis-Anguilla National Bank Limited (herein referred to as the "Bank of St. Kitts"), a bank in St. Kitts, an offshore sovereign state island. The president of the Bank of St. Kitts has confirmed the existence of an account for eMillionaire at the Bank of St. Kitts.

27.     Upon information and belief, Felt has also deposited, or caused funds generated by the Cathexis campaign to be deposited in various other financial institutions, the identities of which currently remain unknown.

28.     Upon information and belief, Felt has personal knowledge of the whereabouts of all of the funds generated by the Cathexis campaign.

29.     Upon information and belief, Felt has used his other business entities (or accounts with financial institutions belonging to those entities), including, but not limited to eMentoring, Independence, Marqi, Marqilife, and New Leaf, and Does 1-10 to hide the funds generated from the Cathexis campaign from Plaintiff. For this reason, the above-named entities are listed as Defendants in this Complaint.

30. The Defendants have exercised control and dominion over Plaintiff's funds without authorization from Plaintiff to do so. As a result, Plaintiff has been injured in an amount to be determined at trial, but in no event less than $6,423,840.00, plus interest, attorney's fees (its own and those of its creditors- the publishers), costs and other damages proximately caused by the conversion of Plaintiff's funds.

31. The contract between Cathexis and eMillionaire states that the contract shall be governed by the laws of the state of Utah (Section 13).

**FIRST CAUSE OF ACTION**
**(11 U.S.C. § 542(a) –**
**Turnover of Property to the Estate – all Defendants)**

32. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

33. 11 U.S.C. § 542(a) provides in relevant part:

[A]n entity...in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a).

34. As per the parties' contract, and the facts stated above, Plaintiff is entitled to the transfer of all funds generated by eMillionaire pursuant to the Cathexis campaign, whether located in the Bank of St. Kitts, or otherwise.

35. The funds generated by Plaintiff's efforts to the extent of $6,423,840.00, plus interest, attorney's fees (its own and those of its creditors- the publishers), are the property of the bankruptcy estate.

36. Defendants have failed to turnover to Plaintiff the funds generated by the Cathexis campaign.

37. Therefore, Plaintiff is entitled to turnover and possession of the above-described property for "use" as contemplated by 11 U.S.C. § 363.

## SECOND CAUSE OF ACTION
(Breach of Contract - eMillionaire)

38. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

39. Defendant eMillionaire entered into a binding contract with the Plaintiff.

40. Plaintiff fully performed under the terms of the contract.

41. eMillionaire failed to pay Cathexis pursuant to the terms of the contract.

42. As a result of eMillionaire's breach, Plaintiff has been injured in an amount to be determined at trial, but in no event less than $6,423,840.00, plus interest at 10% (pursuant to Utah Code Ann. §15-1-1, as authorized by Section 13 of the parties' contract), attorney's fees, costs and other damages caused by the breach.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment – all Defendants)

43. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

44. All or part of the funds Defendants hold in their possession, are the result of work performed by Plaintiff.

45. The Defendants have been unjustly enriched as a result of its wrongful possession of funds belonging to Plaintiff.

46. Plaintiff is entitled to recover the value of the funds converted, including interest and attorney's fees incurred by Plaintiff's creditors, and by Plaintiff.

47. Plaintiff is entitled to an order of judgment against all Defendants in the principal amount of $6,423,840.00, plus 10% interest, costs and attorney's fees (of both Plaintiff and its creditors – the publishers).

### FOURTH CAUSE OF ACTION
### (11 U.S.C. § 362(k) – Attorney's Fees and Costs – all Defendants)

48. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

49. Defendants are improperly exercising control over property of the bankruptcy estate in violation of 11 U.S.C. § 362(a)(3).

50. Defendants are willfully retaining the funds generated by the Cathexis campaign knowing that Plaintiff is entitled to the same.

51. Pursuant to 11 U.S.C. § 362(k), Plaintiff is entitled to attorney's fees, costs, other consequential damages and punitive damages for Defendants' willful actions.

### FIFTH CAUSE OF ACTION
### (Indemnification – eMillionaire)

52. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

53. Pursuant to the contract between the Plaintiff and Defendant eMillionaire, eMillionaire must defend and hold Plaintiff (and its parents, subsidiaries, agents, affiliates, employees, directors and officers), harmless from any and all liability, claim, loss, damage, demand or expense (including attorney's fees and other related costs and expenses) asserted by any third party due to, arising from, related to, or in connection with the services provided due to eMillionaire's failure to pay Plaintiff.

### SIXTH CAUSE OF ACTION
### (Attorney's Fees and Costs – eMillionaire)

54. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

55. Pursuant to the contract between Plaintiff and Defendant eMillionaire, eMillionaire is obligated to pay all attorney's fees and costs Plaintiff has incurred as a result of eMillionaire's breach of contract.

### SEVENTH CAUSE OF ACTION
### (Fraudulent Transfer – Piercing the Corporate Veil – all Defendants)

56. The Plaintiff reincorporates all of the foregoing paragraphs as if fully set forth herein.

57. Upon information and belief, Felt has used eMentoring, International, Marqi, Marqilife and New Leaf and Does 1-10 to accomplish

Document  Page 14 of 16

fraudulent transfers made to each without consideration in an effort to make eMillionaire and or Felt insolvent as a tactic to avoid paying Plaintiff as a creditor.

58.  Upon information and belief, the transferring of said funds to Felt's other entities was done neither with consideration, nor observing the corporate formalities of the Defendants, but in an effort to conceal funds to which Plaintiff is entitled.

59.  Upon information and belief, by using the other Defendants as an avenue for transferring funds, eMillionaire and Felt have perpetuated a fraud, injustice and inequity on Plaintiff, whose efforts were the source of said funds.

60.  Since upon information and belief, funds to which Plaintiff is entitled have been transferred to or through the accounts belonging to the Defendants, the Court should in the interests of justice issue an order granting Plaintiff the right to access all of the accounts opened by the Defendants to determine to what extent, if any, the other Defendants (including Does) have received funds that were generated as a result of the Cathexis campaign.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. On Plaintiff's First Cause of Action, for an order directing turnover of the above-described property ($6,423,840.00, plus 10% interest, costs and attorney's fees) to the estate from the Defendants.

2. On Plaintiff's Second Cause of Action, for an order of judgment against eMillionaire for its breach of contract in the principal amount of $6,423,840.00, plus 10% interest, costs, other consequential damages and attorney's fees.

3. On Plaintiff's Third Cause of Action, for an order of judgment against all Defendants for their respective share of the aggregate unjust enrichment in the principal amount of $6,423,840.00, plus 10% interest, costs, other consequential damages and attorney's fees (by both Plaintiff and its creditors).

4. On Plaintiff's Fourth Cause of Action, for an order of judgment against all Defendants for Plaintiff's costs and attorney's fees pursuant to 11 U.S.C. §362(k).

5.    On Plaintiff's Fifth Cause of Action, for an order of judgment against eMillionaire to indemnify Plaintiff in an amount to be determined at trial.

6.    On Plaintiff's Sixth Cause of Action, for an order of judgment against eMillionaire for Plaintiff's costs and attorney's fees pursuant to contract.

7.    On Plaintiff's Seventh Cause of Action, for an order giving Plaintiff the right to access and audit the financial information of each Defendant, (including, but not limited to all accounts each has opened with a financial institution for fraudulent transfer from eMillionaire and or Felt).

**DATED and SIGNED this 31st day of August 2009.**

                                                          **TYCKSEN & SHATTUCK, L.C.**

                                                          **/s/ Steven C. Tycksen**
                                                          **Steven C. Tycksen**
                                                          **Attorney for the Plaintiff**